## Strader, et al. v. Strader, et al.

(Decided October 22, 1914.)

Appeal from Fayette Circuit Court.

Fraud—Persons Liable—Husband and Wife.—Where a wife loans money to her husband's brother and takes his note therefor, and her husband thereafter induces his brother to execute other notes, upon a promise to take up and return to him the note executed to the wife, the latter is not affected by the alleged fraud of her husband.

R. S. CRAWFORD for appellants.

S. S. YANTIS for appellees.

Opinion of the Court by Judge Hannah—Affirming.

Stewart W. Strader and W. P. (Pete) Strader are brothers, engaged in the saloon business at Lexington. Daisy Lee Strader is the wife of the latter.

George B. Strader, another brother, who had formerly been in the saloon business in Lexington, had executed to the Phoenix National Bank a note for $3,339, and to secure same a mortgage covering his property on Walnut street, the bar fixtures and other equipment of the Cafe Royal and two diamonds. The Phoenix National Bank assigned this note and mortgage to Stephen Gibson, and he filed a suit to enforce the lien of the mortgage

Stewart proposed to acquire this judgment lien; but did not have enough money. He needed a thousand dol-

lars; and mentioned his difficulty to Pete. The latter said he might be able to get his wife to let Stewart have the needed sum. She did so. She mortgaged a piece of real estate owned by her to the Bank of Commerce, and borrowed a thousand dollars; paid it over to Stewart and took his note therefor, dated March 7, 1912, and due on demand.

Later, on April 27, 1912, Stewart having in the meantime acquired the Stephen Gibson judgment lien, and assigned it to the Bank of Commerce, gave to Daisy Lee Strader an order and assignment directing the Bank of Commerce to pay to her one thousand dollars out of the fund to be derived from the Gibson judgment lien when the property should be sold. This written order or assignment, Daisy Lee Strader then pledged to the Bank of Commerce together with Stewart's $1,000 demand note payable to her, as security for a loan of four hundred dollars, borrowed by herself.

On the same day, April 27, 1912, Stewart and the Cafe Royal, a corporation owned by him, executed and delivered to Pete several notes aggregating in all $1,000, all of which Pete assigned to various of his creditors.

On August 26, 1912, Stewart instituted this suit in equity in the Fayette Circuit Court against Pete and his wife, Daisy Lee, and several of Pete's creditors to whom he had transferred the smaller notes aggregating $1,000, claiming that he executed those notes to Pete under and pursuant to a promise made by Pete that he would go to the Bank of Commerce and take up and return to plaintiff, Stewart, the $1,000 demand note executed by him to Daisy Lee on March 7, 1912, together with the order or assignment of said fund, that same day executed to Daisy Lee Strader.

Daisy Lee Strader, Pete's wife, was made a defendant upon the theory and claim that although the one thousand dollar demand note of March 7, 1912, was executed to her, her husband was in fact the owner of the property mortgaged and of the note itself, and that he was merely doing business in his wife's name, and in this instance using his wife as a shield against his own fraudulent act.

Upon submission of the cause, the petition was dismissed as to Daisy Lee Strader; and she was given judgment against Stewart on her counter-claim for the demand note of $1,000, with interest from March 7, 1912, and the court further adjudged that to secure same she

had a lien upon the funds in the possession of the Bank of Commerce derived from the sale of the mortgaged property under the Stephen Gibson mortgage lien, by virtue of Stewart's assignment to her of that amount of the fund in question.

Stewart appeals from this judgment, and the controversy between Stewart and Pete and all other questions were reserved by the court, and are not here involved.

The evidence is conclusive that Stewart never claimed until about the time of the filing of this suit, that the one thousand dollars demand note given by him to Daisy Lee was paid by the execution of the $1,000 in "broken" notes to Pete; he did claim, however, that Pete had "faked" him into executing the "broken" notes.

The evidence clearly shows that the property held by Daisy Lee was in fact her own property; that her own father had given to her after her marriage fifteen hundred dollars which she permitted her husband to take and use in his business, and that when her husband's mother conveyed to him the piece of real estate in question, which long prior to the transaction here involved, he conveyed it to her in lieu of the money she had let him have, the property at that time, considering the incumbrances, being of less value than fifteen hundred dollars. There is no evidence to contradict this, and as the money loaned by Daisy Lee Strader to Stewart was in fact her own, she could not be affected by the alleged fraud of her husband in inducing the execution of the "broken" notes aggregating $1,000 by Stewart, upon a promise to take up and return to him his demand note for $1,000 executed by him to Daisy Lee Strader.

2. The record herein is not indexed according to Rule V of this court, nor are the depositions copied in the order in which they were taken as required by said rule. In addition, included in the 584 pages of the record, for which a charge of $147.25 is made, the deposition of Stewart Strader in chief is twice copied, and the record will have to be condemned, and the sum of $30.00 will be deducted from the fee of the clerk of the circuit court.

Judgment affirmed.